UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL E. MEGGINSON, | |
| Plaintiff, | |
| -against- | 21-CV-10689 (LTS) |
| CHIEF OF DEPARTMENT STUKES; CHIEF OF OSIU GLOVER; CHIEF LEMON; OFFICER STAGGERS, SECURITY CORRECTIONAL OFFICER; NEW YORK DEPARTMENT OF CORRECTIONS, | 21-CV-10690 (LTS) |
| | ORDER TO AMEND |
| Defendants. | |
| MICHAEL E. MEGGINSON, | |
| Plaintiff, | |
| -against- | |
| CHIEF STUKES; CHIEF GLOVER; DEPT. GREEN; DEPT. PHILLIPS; CAPT. CAMBELL; NEW YORK DEPARTMENT OF CORRECTIONS, | |
| Defendants. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at Rikers Island, brings these two *pro se* actions under 42 U.S.C. § 1983, alleging that Defendants unlawfully held him in segregation beyond his release date. By orders dated February 8, 2022, the Court granted Plaintiff's requests to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.[1] For the reasons set forth below, the Court consolidates the two complaints and grants Plaintiff leave to file a consolidated amended

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

complaint in the case bearing the lower case number, 21-CV-10689, that covers and clarifies all of the claims he wishes to assert in his two actions, within sixty days of the date of this order.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

On December 14, 2021, the Court received the two complaints from Plaintiff, who identifies himself as both a pretrial detainee and a "parole violator detainee." (ECF 1:21-CV-10689, 2, at 2.) In the first complaint, 21-CV-10689, Plaintiff sues Chief Stukes, identified as "Chief of Department"; Chief Glover, identified as "Chief of OSIU"; Chief Lemon; Security Officer Staggers, identified as a "segregation advocate and security staff"; and the New York City Department of Correction (DOC). (*Id*. at 1-3.) Plaintiff alleges that the events giving rise to his claims occurred on December 3 and 6, 2021, and he makes the following assertions. On November 15, 2021, he arrived at the George R. Vierno Center (GRVC) "RHU Mental Health Box" to serve a 20-day "box term" for unspecified conduct. (*Id*. at 4.) Although Plaintiff's actual box term concluded on Sunday, December 5, 2021, he should have been released on Friday, December 3, 2021, because "[DOC] security always states that 'no one leaves the box on weekends or holidays.'" (*Id.*) Stukes, Glover, and Lemon, however, directed security to hold Plaintiff in the box "with no set release date." (*Id.*) Plaintiff spoke to the Office of Mental Health (OMH) staff, but "even they [were] confused on why [he was] still in the RHU without reason." (*Id.*) Since his confinement in RHU, Plaintiff has not received "law library, religious services, social services, and one hour outdoor recreation." (*Id.*) He holds Stukes, Glover, and Lemon "responsible for [his] unlawful confinement," and believes that Staggers is "in kahoots [sic] with Chief Stukes and the rest of the department." (*Id.*) Plaintiff seeks money damages.

3

In the second complaint, 21-CV-10690, Plaintiff again asserts that he was unlawfully confined in RHU beyond his release date. He again sues Chief Stukes, Chief Glover, and DOC, along with three new defendants – Deputy Green, Deputy Phillips, and Captain Cambell. Plaintiff alleges that the events giving rise to his claims occurred on December 3 and 7, 2021, and further alleges the following. On November 15, 2021, he arrived in GRVC RHU to serve a 20-day confinement. After Thanksgiving, he asked Green, Phillips, and Staggers "if [his] release was guaranteed without any issues from Chief Glover or Stukes." (ECF 1:21-CV-10690, 2, at 3.) On November 30, 2021, Phillips along with Correction Officer Ford, stopped at Plaintiff's cell and informed him that he had two pending tickets, which Plaintiff "found was f[al]se" because Captain Ramos from his housing area had called the disciplinary office and found out that he had no pending infractions. (*Id*.) Plaintiff "owe [sic] no more segregation time in the RHU," and the GRVC security staff and deputies "are in kahoots [sic] with Chief Stukes as well as Chief Glover." (*Id*.) Defendants have violated Plaintiff's rights by unlawfully confining him in the RHU segregation unit and depriving him of "law library services, one hour recreational services, religious services, and social services." (*Id*. at 4.) Plaintiff seeks money damages.

Plaintiff does not allege in either complaint when he was released from segregation.

## DISCUSSION

### A.     Consolidation of the two cases

Plaintiff brings essentially the same claim in the two complaints: that Defendants unlawfully held him in segregation at GRVC RHU beyond his December 3, 2021, release date. Under Rule 42 of the Federal Rules of Civil Procedure, a district court may consolidate civil actions pending in the same court if the actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). When actions are consolidated, they are "join[ed] together . . . without . . . los[ing] their independent character." *Hall v. Hall*, 138 S. Ct. 1118, 1124-25 (2018)."The proper

solution to the problems created by the existence of two or more cases involving the same parties and issues, simultaneously pending in the same court [is] to consolidate them under Rule 42(a)." *Miller v. USPS*, 729 F.2d 1033, 1036 (2d Cir. 1984). "In assessing whether consolidation is appropriate . . . , a district court should consider both equity and judicial economy." *Id.* "A district court can consolidate related cases under [Rule 42(a)] *sua sponte*." *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999).

Because these actions involve common issues of law and fact as well as some of the same Defendants, both equity and judicial economy support the consolidation of these cases. The Clerk of Court is therefore directed to consolidate these cases. All further papers filed or submitted for filing, including any amended complaint filed by Plaintiff, will be docketed in the lead action under case number 21-CV-10689. Plaintiff should note that, although the higher-numbered case, 21-CV-10690, remains open for administrative purposes, no further action is necessary on that docket for the case to proceed.

**B.      Due Process Claims**

The Court construes Plaintiff's allegations as asserting claims, arising under the Fourteenth Amendment, that Defendants placed him in administrative segregation in violation of his rights to substantive and procedural due process.

Because a pretrial detainee has not been convicted of any crime and therefore cannot be punished, "in assessing whether restrictions on pretrial detainees comport with substantive due process, '[a] court must decide whether the [restriction] is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose.'" *Almighty Supreme Born Allah v. Milling*, 876 F.3d 48, 55 (2d Cir. 2017) (quoting *Bell v. Wolfish*, 441 U.S. 520, 538 (1979)) (alterations in original), *cert. denied*, 139 S. Ct. 49 (2018). "Absent a

showing of an expressed intent to punish, the determination whether a condition is imposed for a legitimate purpose or for the purpose of punishment 'generally will turn on whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it].'" *Benjamin v. Fraser*, 264 F.3d 175, 188 (2d Cir. 2001) (quoting *Bell*, 441 U.S. at 538) (brackets in original). If the conditions are "incident[s] of a legitimate nonpunitive governmental objective," they do not violate the Due Process Clause even if they "may on [their] face appear to be punishment." *Bell*, 441 U.S. at 539 n.20.

The two threshold questions in any claim for the denial of procedural due process are whether the plaintiff possessed a liberty or property interest and, if so, what process was due before plaintiff could be deprived of that interest. *Green v. Bauvi*, 46 F.3d 189, 194 (2d Cir. 1995) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982)). A pretrial detainee generally has a liberty interest in not being placed in administrative segregation. *See Benjamin*, 264 F.3d at 190. For pretrial detainees, the process that is due turns on whether the conditions were imposed for punitive or administrative reasons. A prisoner placed in administrative segregation must receive notice of why he is being placed there and an opportunity to respond. *Proctor v. LeClair*, 846 F.3d 597, 609 (2d Cir. 2017) (quoting *Hewitt v. Helms*, 459 U.S. 460, 476 (1983)). Once an inmate has been confined to administrative segregation, officials must engage in "some sort of periodic review" to assess whether the inmate remains a security risk. *Id.* (quoting *Hewitt*, 459 U.S. at 477 n.9).

If the conditions were imposed for punitive reasons, however, the process due is that set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974). Under *Wolff*, "an inmate is entitled to advance written notice of the charges against him; a hearing affording him a reasonable opportunity to

call witnesses and present documentary evidence; a fair and impartial hearing officer; and a written statement of the disposition, including the evidence relied upon and the reasons for the disciplinary actions taken." *Sira v. Morton*, 380 F.3d 57, 69 (2d Cir. 2004) (citing *Wolff*, 418 U.S. at 563-67). Assistance in presenting a defense is also guaranteed. *See Eng v. Coughlin*, 858 F.2d 889, 897 (2d Cir. 1998) (Although there is no right to counsel in disciplinary proceedings, "[p]rison authorities have a constitutional obligation to provide assistance to an inmate in marshaling evidence and presenting a defense when he is faced with disciplinary charges.").

Plaintiff alleges that his rights were violated when he was held in administrative segregation without a reason beyond his December 3, 2021, release date. He further alleges that, while he was held in administrative segregation, he was deprived of law library, outdoor recreation, religious services, and social services. Plaintiff's assertions thus suggest that he is attempting to assert due process claims against Defendants.

The Court grants Plaintiff leave to submit an amended complaint alleging further facts showing that he was placed in administrative segregation without due process. In the amended complaint, Plaintiff should name as defendants those individuals who were personally and directly involved in violating his rights, alleging facts showing how each defendant violated his rights, particularly those that suggest that the defendants placed him in administrative segregation without due process. Plaintiff should state whether he received any notice concerning his continuing segregation beyond his release date and whether he was given an opportunity to address the matter. The amended complaint should name all of the defendants[2] and include all of the claims Plaintiff wishes to pursue regarding the administrative segregation incident.

---

[2] As explained in the following section of this order, Plaintiff should name the City of New York, rather than the New York City Department of Correction (DOC) as defendant for any claims he wishes to pursue against the DOC.

**C.     New York City Department of Correction**

Plaintiff's claims against the New York City Department of Correction (DOC) must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York, and directs the Clerk of Court to amend the caption of this action to replace the DOC with the City of New York. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York may wish to assert.

**D.     Municipal Liability**

When a plaintiff sues a municipality such as the City of New York under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the

existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiff alleges that correction officials violated his rights by holding him in segregation beyond his release date. He does not allege that any City of New York policy, custom, or practice caused the violation of his constitutional rights. The Court therefore grants Plaintiff leave to amend any claims he wishes to bring against the City of New York to state facts, consistent with these legal principles, suggesting that the City is liable for any constitutional harm suffered by Plaintiff.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts that could support a viable claim, the Court grants Plaintiff sixty days' leave to submit an amended complaint detailing his due process claims.

First, Plaintiff must name as the defendants in the caption[3] and in the statement of claim all of those individuals he alleges were involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[4] Second, in the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

    a) the names and titles of all relevant people;

    b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

    c) a description of the injuries Plaintiff suffered; and

    d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

---

[3] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the amended complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[4] The naming of John Doe defendants does *not* toll the three-year statute of limitations period governing this action and Plaintiff is responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief. It should cover all of the claims that he intended to bring in his two lawsuits.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint filed under docket number 21-CV-10689 and no further filings will be permitted under docket number 21-CV-10690, any facts or claims that Plaintiff wants to include from the original complaints must be repeated in the amended complaint and filed under docket number 21-CV-10689.

## CONCLUSION

The Court consolidates the two actions under case numbers 21-CV-10689 and 21-CV-10690. All further papers filed or submitted for filing will be docketed in the lead action under case number 21-CV-10689.

The Court further dismisses Plaintiff's claims against the New York City Department of Correction and construes them as claims asserted against the City of New York. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is directed to add the City of New York as a Defendant under Fed. R. Civ. P. 21.

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 21-CV-10689 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the actions under case numbers 21-CV-10689 and 21-CV-10690 will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   February 28, 2022
         New York, New York

                                   /s/ Laura Taylor Swain
                                   LAURA TAYLOR SWAIN
                                   Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.


                    -against-

_____

_____

_____
Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____
(Include case number if one has been
assigned)

## COMPLAINT
(Prisoner)

Do you want a jury trial?
☐ Yes     ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                    Middle Initial            Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                              State                    Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

Page 2

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                            State                    Zip Code

Defendant 2:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                            State                    Zip Code

Defendant 3:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                            State                    Zip Code

Defendant 4:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                            State                    Zip Code

Page 3

## V.      STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____